IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY L. HOLT JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, NEBRASKA, AYARS AND AYARS, INC., DREW CROMWELL, individual being sued in their individual capacity; JOSHUA GOSSARD, individual being sued in their individual capacity; MEGAN NELSON, individual being sued in their individual capacity; NOLAN HAUSER, individual being sued in their individual capacity; ANDREW RIPLEY, individual being sued in their individual capacity; RANDALL CLARK, individual being sued in their individual capacity; JAYDN FOSTER, individual being sued in their individual capacity; and TREVOR SCHMIDT, individual being sued in their individual capacity;<br><br>Defendants. | 4:23CV3239<br><br>ORDER |

    Plaintiff filed a complaint in this Court on December 8, 2023. Filing No. 1. Plaintiff did not request a summons to serve Defendants or file a return of service. Defendants did not voluntarily appear. Plaintiff's time to serve expired March 7, 2024. Because Plaintiff's time to serve Defendants had expired, this Court entered a Show Cause Order ordering Plaintiff to show cause by April 8, 2024 why his case should not be dismissed. Filing No. 4; see Fed. R. Civ. Proc. 4(m).

    Plaintiff filed a response to the Show Cause Order on April 8, 2024. Filing No. 5. Plaintiff requests the Court allow Mr. Olowolafe to withdraw, grant Plaintiff additional time

to find new counsel, and permit Plaintiff to serve Defendants after he retains new counsel. Mr. Olowolafe also filed a formal motion to withdraw. Filing No. 6.

"The decision to allow counsel to withdraw is left to the discretion of the district court." *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994). This Court's local rules allow an attorney to withdraw "upon a showing of good cause." NEGenR. 1.3(f). However, counsel "is relieved of duties to the court, the client, and opposing attorneys only after (1) filing a motion to withdraw, (2) providing proof of service of the motion on the client, and (3) obtaining the court's leave to withdraw." *Id.* "[A]n attorney who agrees to represent a party is obligated to see the work through to completion . . . and 'should not be permitted to abandon [his] responsibilities merely because [he] is unhappy with the nature of the relationship with the client.'" *Peter Kiewit Sons', Inc. v. Wall Street Equity Grp., Inc.*, No. 8:10CV365, 2012 WL 5400037, at *2 (D. Neb. Nov. 5, 2012) (internal citation omitted) (first citing *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003), and then quoting *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987)).

Mr. Olowolafe did not provide the Court with the required evidence or circumstances necessary to show good cause to support his motion to withdraw. In both the response and the motion to withdraw, Mr. Olowolafe asserts that he wants to withdraw because he decided to focus on criminal defense instead of civil litigation and, therefore, he now lacks the time and resources to represent Plaintiff. Filing No. 5; Filing No. 6.[1] The Court denies Mr. Olowolafe's motion to withdraw without prejudice.

The Court now turns to Plaintiff's response to the Show Cause Order. Fed. R. Civ. Proc. 4(m) requires the Court to extend the time for service if the Plaintiff shows good cause. Given the circumstances at hand, the Court finds there is good cause to allow Plaintiff additional time to serve Defendants.

Accordingly,

IT IS ORDERED:

1) Mr. Olowolafe's motion to withdraw (Filing No. 6) is denied without prejudice.

2) Plaintiff must serve Defendants within forty-five (45) days of the date of this Order. The failure to timely serve Defendants may result in dismissal of this action without further notice.

---

[1] In addition to the fact that the statements encompassed in Plaintiff's response to the Show Cause Order and the Motion to Withdraw do not rise to the level of the requisite good cause necessary to grant Mr. Olowakafe's Motion to Withdraw, outside of the statements in the pleadings, Mr. Olowolafe has provided the Court with no evidence, such as an affidavit, in support of his motion to withdraw.

3) Mr. Olowolafe is ordered to send a copy of this Order to Plaintiff via U.S. mail on or before April 11, 2024.

Dated this 10th day of April, 2024.

              BY THE COURT:

              *s/ Jacqueline M. DeLuca*

              United States Magistrate Judge